LETTS, Judge.
Appellant argues that since the cause of action in question was removed to Federal Court, the lower State Court had no jurisdiction to enter its order of dismissal, and even if it did, it erred in entering a dismissal which acts as an adjudication on the merits. Apparently the “Motion Notice and Judgment of Dismissal” was filed as a Final Judgment and it states:
Plaintiff, James M. Weatherly, shall take nothing by this action and Defendant, North American Van Lines, Inc. shall go hence without day.
The judgment of dismissal appears to act as an adjudication on the merits making all matters in this case res judicata. At the very least, this language was inappropriate since dismissals for lack of prosecution are to be “without prejudice” for purposes of res judicata. Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980), Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981). The Federal removal statute 28 U.S.C. 1441 does not expressly prohibit (nor does it address) such an action. However, 76 C.J.S. Removal of Causes § 221 at 1088 states:
If, on the other hand, on the face of the petition for removal and the record the cause appeared to be removable, and a sufficient bond was filed, where that was requisite, it was the duty of the state court to recognize the removal and proceed no further but to yield jurisdiction to the federal court, the state court having no discretion in the matter; subsequent proceedings therein, or a judgment entered, or a subsequent order made or refused by it, except the order of removal, was void and it should not resume consideration of the cause unless and until it should finally be decided in the courts of the United States that the cause was not removable.
Accordingly, we reverse and remand this cause for the entry of a stay.
REVERSE and REMAND.
GLICKSTEIN and WALDEN, JJ., concur.