452 So.2d 1133 (1984)
William G. KEEN and Janet B. Keen, His Wife, Appellants,
v.
Charles Anthony BERNARDO, Jr., Appellee.
No. 83-2430.
District Court of Appeal of Florida, Second District.
July 18, 1984.
Andrew J. Mirabole, Tampa, for appellants.
R. Wade Wetherington of Gibbons, Tucker, Smith, Miller, Whatley & Stein, P.A., Tampa, for appellee.
CAMPBELL, Judge.
Appellants, William G. Keen and Janet B. Keen, seek review of the order awarding attorney's fees to appellee, Charles Bernardo, Jr. We affirm.
The issue on appeal is whether the trial court erred by finding there was a complete absence of a justiciable issue of fact or law as to appellee, and awarding him attorney's fees pursuant to section 57.105, Florida Statutes (1981).
Appellant sold a 1980 Kenworth K-100 tractor to "Charles Bernardo" at his business address of Select Truck Broker, 6710 C.E. Hillsborough Avenue, Tampa, Florida. "Charles Bernardo" defaulted on his obligation under the contract. Appellants filed suit against "Charles Bernardo" and had process served on "Charles Bernardo" at his business address. Charles Bernardo, Jr., appellee, was served on December 27, 1982.
On December 28, 1982, Charles Bernardo, Jr. informed appellants' attorney's office that he was not a party to the contract upon which appellants were suing.
On January 7, 1983, appellants issued a summons for Charles Bernardo, Sr.
On January 12, 1983, appellee, Charles Bernardo, Jr. consulted an attorney. Appellee's attorney notified appellants' attorney that the wrong person had been served. Appellee's attorney filed an answer to the complaint and included the affirmative defense that Charles Bernardo, Jr. was not a party to the contract sued upon.
In a telephone conference on January 18, 1983, appellants' attorney confirmed that Charles Bernardo, Sr., rather than Charles Bernardo, Jr., was the party that appellants intended to bring suit against. On January 24, 1983, appellants' attorney wrote a letter stating that he intended to dismiss Charles Bernardo, Jr. from the lawsuit, but that he wished to take Charles Bernardo, Jr.'s deposition as a witness. He included a notice of taking deposition of Charles Bernardo, Jr.
*1134 On January 28, 1983, appellants were served with a motion for attorney's fees on behalf of appellee.
On February 2, 1983, Charles Bernardo, Jr., represented by counsel, was deposed.
On February 3, 1983, the day after the deposition, appellants' attorney filed a notice of voluntary dismissal of appellee.
On February 27, 1983, the trial court heard appellee's motion for attorney's fees. The court found a complete absence of a justiciable issue of law or fact, and entered an order awarding attorney's fees of $250 to appellee.
Appellants claim that the justiciable issue as to who was the proper party in this action was resolved through the process of discovery, that is, by taking Charles Bernardo, Jr.'s deposition. Appellants claim it would have been unreasonable to expect appellants' counsel to dismiss appellee from the suit on the basis of unverified statements. Appellants cite Greenberg v. Manor Pines Realty Corporation, 414 So.2d 260 (Fla. 4th DCA 1982) and Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983), to support their proposition.
We find that Stevenson v. Rutherford and Greenberg v. Manor Pines Realty Corporation are distinguishable on their facts. In Greenberg v. Manor Pines Realty Corporation, it was established through discovery that one defendant was improperly included in the action. The trial court's award of attorney's fees was reversed on appeal because the Fourth District Court of Appeal found that there was a justiciable issue which was resolved by the discovery. In Stevenson v. Rutherford, the plaintiff brought suit against a defendant whom he thought was the proper party to the action; however, when the deposition of that defendant was taken, it became clear he was not a proper party. The Fourth District Court of Appeal reversed the award of attorney's fees because the claim did not appear to be baseless, and appellant did not seem to draw out the time for voluntary dismissal.
Here, appellants knew long before they deposed appellee that he was not a party to the contract which was the basis of their lawsuit. Appellants admitted that they intended to sue Charles Bernardo, Sr. They also acknowledged the problem when they served Charles Bernardo, Sr. with a subpoena. Therefore, as to Charles Bernardo, Jr., appellee, there was no justiciable issue in this case. Nonetheless, appellants failed to dismiss appellee from the case, which caused appellee to hire legal counsel and incur legal expenses.
For the reasons stated above, we find that appellee is entitled to attorney's fees pursuant to section 57.105, Florida Statutes, and affirm the award of the trial court.
RYDER, C.J., and LEHAN, J., concur.