455 So.2d 1138 (1984)
Leolus L. WALL, As Personal Representative of the Estate of Iris M. Wall, Appellant,
v.
DEPARTMENT OF TRANSPORTATION OF the STATE OF FLORIDA, the County of Sarasota, Deborah Ann Curtis and Sears-Roebuck Company, a Corporation, Appellees.
No. 83-2436.
District Court of Appeal of Florida, Second District.
September 19, 1984.
*1139 James E. Aker of Icard, Merrill, Cullis, Timm & Furen, P.A., Sarasota, for appellant.
Robert C. Widman of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellees County of Sarasota.
RYDER, Chief Judge.
Leolus L. Wall, the plaintiff below, appeals from an order assessing attorney's fees against him pursuant to section 57.105, Florida Statutes (1981). We reverse.
Appellant filed a complaint against, among others, the Department of Transportation (DOT) and Sarasota County, alleging that he was injured and his wife killed in an automobile accident. The complaint stated, inter alia, that Sarasota County negligently caused or allowed a traffic control signal to operate in a defective manner so as to deceive appellant as to the proper method of executing a left-hand turn, and that Sarasota County knew or should have known of the defective and misleading condition of the signal and negligently failed to correct it.
Appellee, Sarasota County, contends that through discovery it became evident that appellant's claim against the county was baseless. Both the DOT and county answered appellant's interrogatories, stating that DOT owned the traffic signal, DOT had ultimate responsibility for determining its signalization, and the county was responsible for maintaining the sequence of signalization. The trial court granted summary judgment in favor of the county and awarded the county attorney's fees based on section 57.105 from the date of answers to the interrogatories. The court ruled that after the interrogatories were answered the record was clear and uncontroverted that the county had no legal responsibility for determining the sequence of the traffic light, thereby defeating appellant's claim against the county.
We cannot agree that the county's and DOT's answers to interrogatories so clearly showed the county's nonliability as to subject appellant to the penalties of section 57.105 for continuing litigation against the county. The answers stated that the county was responsible for maintaining the sequence of signalization, which was not inconsistent with appellant's original claim against the county.
An award of attorney's fees under section 57.105 is proper only where the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Ferm v. Saba, 444 So.2d 976 (Fla. 2d DCA 1983); Appenfeldt v. Quinn, 399 So.2d 1026 (Fla. 2d DCA 1981). The claim must be devoid of even arguable substance. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). We hold that appellant's claim against the county was neither completely untenable nor devoid of arguable substance, even after the interrogatories in this matter were *1140 answered, so as to make this a proper case in which to apply section 57.105. Therefore, the trial court's order was error.[1]
Accordingly, we reverse and set aside the award of attorney's fees to the county.
REVERSED.
GRIMES and OTT, JJ., concur.
NOTES
[1] However, it is conceivable that after a party initially states a justiciable claim or defense and it later becomes so evident that the other party should be discharged, failure to discharge could very well subject the losing party to the penalties of section 57.105. We acknowledge that this dicta may conflict with the Fourth District's recent holding in Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA July 25, 1984). In that case, our sister court reversed an award of attorney's fees under section 57.105 where although the complaint was not frivolous, the defendant's answer, filed seven months later, rendered it baseless. The court held that an award of attorney's fees from the time of the answer until the case was voluntarily dismissed three months later was improper, to which we agree. But, as we read the opinion, the Fourth District went further and held that no party could be subject to the penalties of section 57.105 so long as the complaint initially was not frivolous, regardless of later occurrences. Therein lies our disagreement. Our holding in Keen v. Bernardo, 452 So.2d 1133 (Fla. 2d DCA 1984), is consistent with our reasoning expressed herein.