508 So.2d 340 (1987)
Rudy MUCKENFUSS, Etc., Petitioner,
v.
DELTONA CORPORATION, Etc., Respondent.
No. 68792.
Supreme Court of Florida.
June 11, 1987.
*341 C. Ray Greene, Jr. of Greene, Greene, Falck & Coalson, Jacksonville, for petitioner.
Robert Cintron, Jr. of Dearing & Cintron, Tallahassee, for respondent.
SHAW, Justice.
We have for review Muckenfuss v. Deltona Corp., 487 So.2d 1079, (Fla. 5th DCA 1986), because of direct and express conflict with Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The district court reversed the trial court's denial of attorney's fee, finding that "a substantial portion of this lawsuit and this appeal consisted of a legal controversy in which there was virtually a complete absence of a justiciable issue of either law or fact." Muckenfuss, 487 So.2d at 1079 (emphasis added). Section 57.105, Florida Statutes (1983), authorizes an attorney's fee award to the prevailing party "in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." The purpose of the section 57.105 is to discourage "baseless claims, stonewall defenses and sham appeals in civil litigation." Whitten, 410 So.2d at 505. Section 57.105 fees will not be awarded unless the court finds "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... and so clearly devoid of merit both on the facts and the law as to be completely untenable." Id. (emphasis deleted). Accordingly, the court erred in awarding an attorney's fee notwithstanding its finding that a substantial portion of the suit was meritless since justiciable issues were present.
Relying on Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980), respondent argues that the presence of a justiciable issue will not preclude an award limited to fees incurred in litigating against frivolous issues. Respondent's reliance is misplaced. The Hernandez court found that the attorney's fees awarded for frivolous litigation were not precluded by justiciable issues raised in a separate trial on damages.
Accordingly, we disapprove the district court's decision and remand for further proceedings consistent herewith.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion.
GRIMES, Justice, dissenting.
There is authority for the proposition that attorney's fees may be awarded under section 57.105 against a party for continuing to assert its claim or defense which has become patently spurious during the course of the litigation. Wall v. Department of Transportation, 455 So.2d 1138 (Fla.2d DCA 1984); Keen v. Bernardo, 452 So.2d 1133 (Fla. 2d DCA 1984); but see Klein v. Layne, Inc., 453 So.2d 203 (Fla. 4th DCA 1984). Therefore, our quarrel with the district court's opinion seems to center upon its use of the word "virtually." I am unwilling to read that opinion so narrowly as to conclude that the court was authorizing an award of attorney's fees even though there existed at least some justiciable issues of law or fact.
I respectfully dissent.