STONE, Judge.
The plaintiff appeals from a final judgment following a jury verdict for the defendant. The primary issue on appeal is whether the trial court erred in setting aside a default entered against the defendant for failure to file an answer to an amended complaint, and for failure to retain counsel as ordered by the court.
Counsel for the defendant, prior to withdrawing, had filed an answer and affirmative defenses to the initial complaint.[1] The defendant corporation had been directed to obtain new counsel within 15 days. The president of the defendant corporation, who sought to represent it, advised plaintiff’s counsel that if an attorney was needed, one would be retained for the trial. The trial judge at an earlier hearing had discussed the need for counsel with the president. A motion to vacate the default was filed by new counsel, alleging a meritorious defense and requesting that the original answer be used to address the amended complaint. However, it did not contain any explanation of the delay other than to allege that the default should not have been entered.
We recognize the authority requiring a defaulted party to come forward with a showing of excusable neglect and a meritorious defense. See Farmers Production Credit Ass’n. v. Emperador Seafoods, Inc., 416 So.2d 889 (Fla. 4th DCA 1982); Clark v. Roberto’s Inc., 320 So.2d 870 (Fla. 4th DCA 1975); Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967); Kindle Trucking Co. v. Marmar Corp., 468 So.2d 502 (Fla. 5th DCA 1985). However, it is well established that trial courts have considerable discretion in deciding whether to set aside defaults prior to judgment, and are encouraged to exercise that discretion liberally so that controversies may be resolved on their merits. Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); Zimmerman v. Vinylgrain Industries of Jacksonville, Inc., 464 So.2d 1353 (Fla. 1st DCA 1985). The decision by a trial court to set aside a default should not be disturbed on appeal unless there is not only an abuse of discretion, but a “gross ” abuse. See Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla.1977); North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Transworld Realty Corporation-Plantation v. Realty World Corporation, 507 So.2d 1201 (Fla. 4th DCA 1987); Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985); Bludworth v. Lally, 415 So.2d 164 (Fla. 4th DCA 1982), rev. denied, 427 So.2d 736 (Fla.1983); County National Bank of North *1360 Miami Beach v. Shendan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981); Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
In this case the trial judge exercised his discretion in an ambiguous factual setting. This was not a simple default for failure to appear. Although the hearings were not reported, it is undisputed that the judge was familiar with the factual circumstances, since the defendant’s president had personally appeared before the court. The default was, in part, if not substantially, a sanction for failure to obtain counsel within the time provided.[2] The defendant had previously filed an answer, and the amended complaint did not substantially modify the original complaint, other than to clarify the allegations. There was no showing of any prejudice to the plaintiff by the delay. We conclude that the appellant has failed to satisfy the heavy burden of showing a gross abuse of the trial court’s discretion.
We do find error in the award of attorney’s fees to the defendant pursuant to section 57.105, Florida Statutes. The award was apparently based on the court having directed a verdict as to two out of the three counts. However, the plaintiff’s claim was not so frivolous nor devoid of merit as to permit a conclusion that there was no justiciable issue of law or fact. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982); Mertens v. Sites, 490 So.2d 1073 (Fla. 4th DCA 1986); Wall v. Department of Transportation of State of Florida, 455 So.2d 1138 (Fla. 2d DCA 1984). See also Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987) (if justiciable issue is present, it is error for trial court to award attorney’s fees under 57.105, even though a substantial portion of the suit was meritless).
With respect to the other issues raised, we find no reversible error. The final judgment is therefore affirmed, except that the order taxing attorney’s fees is reversed.
HERSEY, C.J., and DOWNEY, J., concur.

. An earlier default for failure to plead to the original complaint had been vacated upon receipt of the answer.

. We need not consider the efficacy of this ground, since that is not the issue before us, but note that such severe sanctions are closely monitored on review. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Tarek Wadji Investments, N.V. v. Ciffo, 505 So.2d 697 (Fla. 4th DCA 1987).