565 So.2d 827 (1990)
S.A.B.T.C. TOWNHOUSE ASSOCIATION, INC., a Not-for-Profit Corporation, Appellant,
v.
Walter SCHMITZ, et al., Appellees.
No. 89-1696.
District Court of Appeal of Florida, Fifth District.
August 2, 1990.
Rehearing Denied August 29, 1990.
*828 B. Thomas Whitefield of Ulmer, Murchison, Ashby & Taylor, P.A., Jacksonville, for appellant.
Frederick R. Brock of Gartner, Brock and Simon, Jacksonville, for appellees.
COBB, Judge.
This appeal is from a final order taxing costs and awarding attorney fees to all the defendants and a third party plaintiff below. The order reads as follows:
This case came on to be heard upon Defendants' and Third Party Plaintiff's Motion to Tax Costs and Award Attorneys' Fees and Supplements thereto pursuant to Final Judgment entered June 6, 1988, and the Court having considered Defendants' and Third Party Plaintiff's motion and each of the costs and fees prayed for, it is, upon consideration,
ORDERED and ADJUDGED as follows:
1. That Defendants' and Third Party Plaintiff's Motion to Tax Costs and Award Attorneys' Fees and Supplements thereto is hereby Granted in part and Denied in part.
2. That the sum of $45,897.56 is hereby taxed as costs as follows:

 Clerk of the Circuit Court Issuance
 of Subpoena $ 7.00
 Special Services of Jacksonville
 Service of Subpoenas 24.00
 Sheriff of St. Johns County
 Service of Subpoenas 24.00
 Witness Fees
 T. Mark Miller 6.00
 William Young 6.00
 Terry Banning 15.00
 Ralph Hughes 10.00
 Court Reporters (As to all depositions) 2,960.56
 Pannell Kerr Forster Accounting
 Services (Audit Only) 42,845.00
 __________
 Total: $45,897.56

3. That the Sum of $72,086.25 be, and the same is hereby, Awarded as reasonable Attorney Fees as of June 30, 1988.
4. All remaining parts of Motions and Supplements as to all other costs and attorney fees be, and the same are hereby, Denied.
IT IS ORDERED AND ADJUDGED that the Defendants and Third Party Plaintiff do have and recover from the Plaintiff and Third Party Defendant the sum of $45,897.56 as Costs and $72,086.25 as Attorneys' Fees, a total of $117,983.81 for which let execution issue.
DONE and ORDERED in Chambers at St. Augustine, St. Johns County, Florida, this 14th day of July, 1989.
The plaintiff below, S.A.B.T.C. Townhouse Association, Inc. (hereinafter the "Association"), a homeowners' association of a residential community at St. Augustine Beach, Florida, filed suit against Walter *829 Schmitz, a former director of the Association, claiming he improperly transferred money and property of the Association to four named corporate defendants  U.S.A. Concepts International, Inc.; Pelican Tours, Inc. of Georgia; International Tennis Club, Ltd.; and St. Augustine Commercial Building, Ltd. (hereinafter "Concepts," "Pelican," "Tennis Club," and "Commercial Building," respectively). It was alleged that Pelican previously had entered a management agreement with the Association and breached it. The Association sought an accounting against Pelican and money damages against Schmitz, Pelican, Tennis Club, Concepts, and Commercial Building. Pelican counterclaimed for money damages for breach of contract.
Marlow Investments, N.V., a Netherlands Antilles Corporation (hereinafter "Marlow"), intervened as a defendant/third party plaintiff against the Association, alleging that it had pledged its collateral to secure a loan to the Association; when the loan was not paid, the mortgagee initiated foreclosure and, in order to protect its collateral, Marlow was forced to satisfy the indebtedness. Marlow sought attorney fees against the Association on the theory of subrogation to the rights of the mortgagee under the satisfied note.
At pretrial conference it was stipulated that the question of attorney fees, if any, would be reserved for the court's determination after jury trial. Tennis Club and Commercial Building were dropped as party defendants. At trial, a jury verdict was rendered for the remaining defendants. A judgment was then rendered for the defendants against the Association on the complaint; for the Association on Pelican's counterclaim; and on behalf of Marlow on its third party complaint in the amount of $273,573.39. The defendants moved to tax costs and award attorney fees. Attached to the motion was an affidavit of defendant's counsel in regard to his hours and his billing. Also attached was a copy of a billing from a C.P.A. in regard to an audit and expert witnesses fees at trial. The Association filed an objection to the motion to tax costs and attorney fees prior to final hearing thereon on the basis of the guidelines established by the Florida Supreme Court and on the basis that no competent testimony or evidence was presented to the court in support of the requested fees and costs. The trial court entered the order set forth above, and the instant appeal ensued.
On appeal the Association contends: (1) there was no contractual or statutory basis for the attorney fee award, and no such basis was pled; (2) that the reasonableness of the amount of the attorney fee award was based on affidavits rather than competent testimony subject to cross-examination; (3) that there was no evidence adduced as to entitlement to, or reasonableness of, the fee for accounting services; (4) the cost award did not comport with Uniform Guidelines for Taxation of Costs in Civil Actions promulgated by the Florida Supreme Court; and (5) the trial court erred in taxing deposition costs for depositions not used at trial.
Considering these points in reverse order, we have no trouble in dispensing with the appellant's points (4) and (5) on the basis that the absence of any appellate record of this five-day jury trial precludes us from finding that the trial court's cost determination is not supported by the record so as to require reversal. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Luu v. Mui, 502 So.2d 1359 (Fla. 5th DCA 1987).
In regard to points (2) and (3), however, we must agree with the appellant. The record presented to us does reveal a written objection filed with the trial court prior to the final hearing on the basis that the defendants' motion for attorney fees and expert witness fees for the accountant was "unsupported by any competent testimony or other evidence... ." The appellees argue in their brief that statements of counsel before the court at two post-trial hearings preceding the third and final hearing on costs and fees constituted an agreement between the parties (in effect a waiver by the plaintiff) in regard to the use of affidavits as to the reasonableness of attorney and expert fees. But here the absence of record cuts the other way. There is no *830 record of any such agreement, nor any reference thereto in the court's order, and it is refuted by the objection of record.
In regard to the Association's first point, we conclude there is no merit in its argument that attorney fees were not pled. Clearly, as indicated by the pretrial stipulation, the award of attorney fees was deemed to be at issue; moreover, the appellees contend, consistent with that stipulation, that the pleadings were amended at trial to conform with the evidence presumably of entitlement at the conclusion of the jury trial. See Fla.R.Civ.P. 1.190(b). Absent the trial record, we must reject any argument by appellant to the contrary, given the presumption of correctness accorded to trial court rulings.
The remaining contention, under appellant's first issue, is that, as a matter of law, there was no statutory or contractual basis for the attorney fee award of $72,086.25. As shown by the face of the order, the trial court gives no indication of the basis or the award. Hence, the award cannot be supported on the basis of section 57.105. See Muckenfuss v. Deltona Corporation, 508 So.2d 340 (Fla. 1987); Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). The appellees also suggest the award may be sustained on the basis of section 812.035(7), Florida Statutes (1987),[1] the civil theft statute, at least in regard to the defendants other than Marlow. Aside from the question of whether this provision also requires specific findings by the trial court, as is arguable by analogy based on Muckenfuss and Whitten, there is further, an insurmountable obstacle that the provision relied upon by the appellees was enacted by the 1986 legislature (see Chapter 86-277, Laws of Florida) one year after the instant action was filed. The 1986 version of this statute contemplates an action filed by a state or municipal agency, not a private party and allows attorney's fees to a successful defendant in that action only.
With regard to whether section 57.105, Florida Statutes entitled the defendants to attorney's fees, if the trial court had intended to award an attorney's fee upon the basis that any claim asserted by the plaintiff below was frivolous and completely untenable, it should have said so explicitly in its order.
Since we cannot sustain the attorney fee award to the defendants Schmitz, Concepts, Pelican, Tennis Clubs, and Commercial Building on the basis of any statute, we must consider whether there is any contractual basis therefor. The appellees in their brief in effect concede that there is no contractual basis for an attorney fee award to the defendants Schmitz, Concepts, Tennis Clubs, and Commercial Building. In regard to Pelican, however, they contend that the Declaration of Restrictions for the Association, filed as a public record in St. Johns County, Florida, provides in part:
If any litigation results between the Rental Pool Operator, on the one hand, and the Association or any Owner or class of Owners on the other, in which the Rental Pool Operator is the prevailing party, the Rental Pool Operator shall recover all costs and expenses incurred for all trial and appellate proceedings, if any, including reasonable attorneys' fees. The provisions of this Section inure to the benefit of the Rental Pool Operator, its successors and assignees.
The appellees argue that the Association instituted these proceedings against Pelican, which was the Rental Pool Operator, pursuant to a Rental Pool Management Agreement filed at trial but not brought before us as part of this appellate record. The appellees contend that both the Rental Pool Management Agreement and another trial exhibit termed in the briefs "The S.A.B.T.C. Townhouses Management Agreement" provide an indemnification for Pelican for any "expense (including attorney's fees)... ."
*831 The appellant Association responds to these contentions with the argument that the management agreements between Pelican and the Association "did not contain a provision awarding attorney fees to either party in litigation arising between them." The Association asserts that the reference to attorney's fees in the two agreements with Pelican concerns expenses incurred in the performance of the agreement for which Pelican could be reimbursed  which, indeed, is the interpretation suggested by the language cited in the appellees' brief. Moreover, says the Association, the Declaration of Restrictions was never asserted as the basis for an attorney's fee claim by anyone at trial and is not a part of this appellate record. The Association asserts that the declaration itself clearly defines the "rental pool operator" therein to be a specific corporation that is not a party to the instant litigation, and that Pelican did not succeed to that corporation's contractual rights.
In the absence of inclusion in the record of the management agreements and the Declaration, we cannot construe their legal import.
In respect to the basis for an attorney fee award to the defendant/third party plaintiff Marlow, the appellees argue that, when Marlow was forced to pay off the Association's loan to protect its own pledged collateral, it became subrogated to the rights of the mortgagee (holder) under the defaulted note, which specifically included the right to an attorney's fee. Marlow relies on section 673.415(5), Florida Statutes (1983), which provides:
An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party. (Emphasis added).
We agree with appellee Marlow that it was entitled to recover attorney fees as an accommodation party.
In conclusion, we affirm the order entered by the trial court under date of July 14, 1989, to the extent of the costs taxed other than the expert witness fee of $42,845.00 awarded for accounting services. The reasonableness of the amount of any fee awarded for such services must be established at an evidentiary hearing upon remand. We reverse the attorney fee award in all respects except as to the finding, inherent in said order, that the third party plaintiff, Marlow Investment, N.V., is entitled to an attorney's fee in some reasonable amount. The amount and reasonableness of that fee, incurred for services rendered in securing judgment on the defaulted note against the Association, should be established at a further evidentiary hearing. Pursuant to the intent of Florida Rule of Appellate Procedure 9.200(f)(2), we do not foreclose a legal finding by the trial court at further hearing that the defendant Pelican is entitled to an attorney fee award based upon the language in the Declaration of Restrictions and/or the two management agreements (apparently plaintiff's exhibits 11, 15 and 16 at trial, according to the briefs), in which event, the reasonableness of that fee should also be determined at an evidentiary hearing. In any further appeal, of course, we would expect those documents, if they are to be interpreted and argued by counsel, to be included in the appellate record.
Given the absence of a trial record, and the trial court's failure to indicate the basis for its award of attorney fees to all defendants, we do not preclude consideration by the trial court at a future hearing of the propriety of such an award pursuant to the provisions of section 57.105, but caution as to the requirements of specificity set forth in Muckenfuss and Whitten.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
W. SHARP and COWART, JJ., concur.
NOTES
[1] This section provides, in pertinent part:

The defendant (in a civil theft action) shall be entitled to recover reasonable fees and court costs in trial and appellate courts upon finding that the claimant raised a claim which was without substantial fact or legal support.