585 So.2d 960 (1991)
John COFFEY, Appellant,
v.
EVANS PROPERTIES, INC., Appellee.
No. 91-0294.
District Court of Appeal of Florida, Fourth District.
August 7, 1991.
On Motion for Reconsideration October 3, 1991.
*961 Robert H. Schott, Stuart, for appellant.
Charlie Luckie, Jr., of McGee, Luckie & Dayton, P.A., Brooksville, and Cassels & McCall, Okeechobee, for appellee.
FARMER, Judge.
Coffey appeals from an order awarding attorney's fees and costs against him after two counts in his multi-count complaint against Evans had been dismissed with prejudice. Initially he had sued Evans for damages from a wrongful discharge from employment. Later he amended to include additional theories for such damages.
His multiple causes of action included the theory that his discharge resulted because he had "blown the whistle" on his employer's improper use of toxic substances, as well as a theory under section 772.103, Florida Statutes (1989), alleging that agents of his employer had perjured themselves in proceedings for unemployment compensation which he had applied for after his discharge. The trial court dismissed the section 772.103 claims with prejudice for failure to state a cause of action, but his other claims remain pending.
Meanwhile Evans moved for costs and attorney's fees to be assessed against Coffey for the dismissed claims, without mentioning section 772.104 or any other statutory or contractual basis for fees. The trial court granted the motion, but gave Coffey 90 days to pay the fees and costs assessed. Coffey took this appeal from that order and argues that the attorney's fees issue was not ripe because no final judgment  indeed, no trial has even occurred  has been entered in the case below. Evans argues that the order dismissing the section 772.103 claims was a partial final judgment immediately appealable rule 9.110(k), Florida Rules of Appellate Procedure, and that Coffey's failure to appeal the dismissal within 30 days makes the award of attorney's fees proper now.
We reverse for a number of reasons. First, the dismissal of the section 772.103 claims was not a partial final judgment and was not then appealable; thus the issue of attorney's fees had to await the entry of the final judgment disposing of all claims and defenses. Unless an order "adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court," it is not immediately appealable and must await final judgment. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974). Here the dismissed claims were plainly interrelated with the remaining claims, thereby precluding review before a final resolution of the case.
Moreover it is undeniable that the trial judge took up the fee issue when he did only because he was persuaded by Evans that the order of dismissal was appealable within 30 days after entry. Our reading of the record convinces us that he would not have done so if Coffey had to wait until the case was finally over in the trial court before he could have had review of the order of dismissal.
It is true, as Evans argues, that the Third District has allowed such interlocutory assessment of attorney's fees and *962 costs after the dismissal of defective RICO claims in Foreman v. E.F. Hutton & Co., 568 So.2d 531 (Fla. 3rd DCA 1990). But we do not find in that opinion any argument that the fee issue was not ripe until final judgment. Rather, it appears that Foreman opposed the fee award only on the grounds that section 772.104 had to be read like section 57.105 and that, even if it did not, the trial court in that case could not properly find that the failed RICO claims lacked "substantial fact [sic] or legal support". Even if we could read Foreman as addressing the ripeness issue, we should respectfully disagree that the issue was ripe under the facts of this case.
In a case of interrelated claims, we think that section 772.104 should be read to preclude taking up the fee issue until a final judgment has been rendered. We think this conclusion flows from the precise language used by the legislature in creating this right to fees:
The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. [e.s.]
The words "in the trial and appellate courts" betray to us a legislative intention that the assessment of fees and costs await appellate review of the dismissal of the section 772.103 claims.
This should be especially true where the dismissed claims were interrelated with other, still-pending claims. The trial judge might be later persuaded that his legal sufficiency ruling was simply wrong and, before trial, allow the claimant to amend and offer evidence on them. In this event, he ought to be unrestrained by a previous and precipitant award of attorney's fees to change his mind before trial.
We also note that Evans failed to mention attorney's fees in its motions attacking the legal sufficiency of Coffey's section 772.103 claims, and that its later motion for fees failed to cite any statutory basis for them. As we read Stockman v. Downs, 573 So.2d 835 (Fla. 1991), the absence of a prior pleading containing a claim for attorney's fees is, without an estoppel from conduct or the failure to object, fatal to an award of fees.
Ordinarily that absence here might preclude any award of fees, except that the order dismissing the section 772.103 claims is not final. We do not know whether the trial judge will allow the section 772.103 claims to be renewed or added again before trial. We also have no way of knowing whether he might exercise his discretion to allow Evans to raise an attorney's fee claim under section 772.104 in a later pleading.
It is enough for us on this record to note that Evans did not previously plead any right to section 772.104 fees before moving for fees, and when it did file the motion it failed to cite this or any other statute. We do not understand the court's reservation of jurisdiction in the order of dismissal to consider attorney's fees to suggest that Coffey had notice that Evans would claim such fees or that Coffey by his conduct or acquiescence or failure to act had waived any objection to the absence of a prior pleading for fees. Consequently this award of fees was improper.
We therefore reverse the December 18, 1990, order assessing attorney's fees and costs.
REVERSED.
GLICKSTEIN, C.J., and WARNER, J., concur.

ON MOTION FOR RECONSIDERATION
ORDERED that the appellant's motion filed August 16, 1991, for reconsideration is hereby granted, and the motion for attorneys' fees is hereby denied without prejudice.