PER CURIAM.
Charles Schnier appeals from a judgment entered on a directed verdict in favor of Barnett Bank in a negligence action. Barnett cross-appeals from an order denying attorney’s fees under section 57.105, Florida Statutes (1989), and denying certain costs. We affirm on both the appeal and the cross-appeal.
Barnett loaned Schnier $2.5 million which was secured by a mortgage on 43 apartments. Schnier defaulted, and Barnett filed a foreclosure action. To settle the matter, Schnier allowed Barnett to take title to the apartments, and the Bank gave Schnier a general release that relieved him of his personal guarantee. Before the bank released Schnier, it wrote off a loss on the transaction. The write-off inadvertently appeared on Schnier’s credit report.
Schnier sued Barnett Bank for negligence, alleging that the credit report reference to the write-off had caused him lost profits. As the sole shareholder of Emerald Hills Country Club, Inc., Schnier claimed that he had applied to various financial institutions for a loan to finance major renovations at the country club but had been turned down each time. Schnier alleged that this failure to obtain financing caused Emerald Hills to lose profits because the club could not attract new members.
At trial, Schnier. presented testimony from only one bank. The bank’s representative stated that its decision not to finance Schnier and the renovations was based on the country club’s loss of profits for the preceding years. The representative further stated that the decision was reached without ever seeing the credit report. Schnier never presented testimony from any financial institution that he was denied the loan to refurbish the club on the basis of his credit report.
The trial court granted Barnett’s motion for a directed verdict at the close of plaintiff’s case and entered judgment for the bank. Barnett then moved for attorney’s fees under section 57.105 and for costs. The trial court denied the motion for attorney’s fees and for costs of depositions not used at trial.
We hold that Schnier failed to produce evidence of harm sufficient to meet his requisite burden of proof. Therefore, the trial court acted in accordance with the law when it granted the directed verdict in favor of Barnett. See Westchester Exxon v. Valdes, 524 So.2d 452 (Fla. 3d DCA 1988) (where jury could not reasonably differ to the existence of material fact or inference, directed verdict should be granted) (citations omitted).
On the cross-appeal, the trial court was correct in denying costs for the depositions not used at trial. See, e.g., Martin v. Marlin, 528 So.2d 943 (Fla. 3d DCA 1988) (depositions not used in furtherance of summary judgment should not be taxed as costs); Caceres v. Physicians Protective Trust Fund, 489 So.2d 869 (Fla. 3d DCA 1986) (fees and trial subpoenas for witnesses who had not attended court could not be taxed as costs). In addition, we hold that the trial court acted well within its sound discretion when it denied the award of attorney’s fees. See, e.g., Crawford v. *145 American Household Storage Co. of Florida, Inc., 509 So.2d 1358 (Fla. 4th DCA) (directed verdict in defendant’s favor does not automatically make plaintiffs claim frivolous nor devoid of merit as to permit conclusion that no justifiable issue of law or fact exists so as to warrant defendants’ award of attorney’s fees), rev. denied, 518 So.2d 1274 (Fla.1987).
Affirmed.