647 So.2d 1022 (1994)
REMOVA POOL FENCE CO., Appellant,
v.
Barry ROTH and Roll-A-Way Protective Pool Fence, Inc., Appellees.
No. 93-2080.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
*1023 Larry Klayman of Klayman & Associates, P.C., Washington, DC, for appellant.
Mark S. Meland and Peter D. Russin of Meland & Russin, P.A., Miami, for appellant, withdrawn after filing brief.
Lee Milich of Lee Milich, P.A., North Miami, for appellees.
PER CURIAM.
This is an appeal of an award of attorney's fees. Appellant filed a multi-count complaint below which appellees removed to federal court. On December 28, 1990, the federal district court sua sponte declined to exercise its pendent jurisdiction over the state law claims and dismissed several of the claims, but not all of them, without prejudice. However, the court did not remand the state claims until July 7, 1993.
In May of 1993, appellees filed a second motion seeking attorney's fees pursuant to sections 57.105, 772.104 and 895.05(7), Florida Statutes (1991). After a hearing, the trial court awarded fees in an order rendered on June 11, 1993 (prior to remand by the federal court). 28 U.S.C. Section 1446, which sets out the procedure for removal of actions from state court to federal district court, provides in pertinent part:

*1024 (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
When a removal petition is filed and proper notice is given to the state court, the entire case is transferred to the federal district court. Maseda v. Honda Motor Co., 861 F.2d 1248, 1251 (11th Cir.1988). After removal, the jurisdiction of the state court ceases until the case is remanded to state court, and any state court proceedings on the case after removal but prior to remand are void ab initio. Id. at 1254-1256; Preston v. Allstate Ins. Co., 627 So.2d 1322, 1324 (Fla. 3d DCA 1993); 28 U.S.C. § 1446 (d). See also Weatherly v. North American Van Lines, Inc., 440 So.2d 518 (Fla. 4th DCA 1983).
The jurisdiction of the circuit court ceased when the notice of removal was filed with the state court and did not resume until the dismissed state claims were remanded to the state court on July 7, 1993. The circuit court's order awarding attorney's fees to the appellees which was entered prior to remand was therefore void.
Because the matter of attorney's fees will presumably be visited again in the trial court upon remand, we briefly address the merits of the original award.
To the extent the award is based upon section 57.105(1), Florida Statutes (1991), it is erroneous. The record discloses that disposition of the claim, jurisdiction of which was retained by the federal court (as opposed to claims remanded), included a final judgment on jury verdict awarding appellant $200,000.00 against appellee, Roll-A-Way, and $50,000.00 against Roth for the willful and intentional violation of the Lanham Act, 15 U.S.C. Section 1125(a). All of the claims in appellant's original complaint and amended complaint were related factually and constituted the pleading of alternative causes of action. Section 57.105(1) of the Florida Statutes (1993), provides in pertinent part:
57.105. Attorney's fee. 
(1) The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party;
.....
An award of attorney's fees under section 57.105(1) is not appropriate unless the court finds a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous and so clearly devoid of merit both on the facts and the law as to be completely untenable. Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla. 1987). Such a determination must be made as to the entire action, and the fact that a portion of the action is frivolous does not justify an award under section 57.105(1). Id. (district court's award of attorney's fees pursuant to section 57.105(1) was error, despite court's finding that a substantial portion of suit was meritless, where justiciable issues were present in the action); Barber v. Oakhills Estates Partnership, 583 So.2d 1114 (Fla. 2d DCA 1991) (trial court erred in awarding attorney's fees to prevailing party pursuant to section 57.105(1) where the court found that only one of three counts asserted in complaint was frivolous).
In the instant case, the trial court impliedly found that at least one count of the appellant's amended complaint, count III, was not frivolous since it denied the appellees' motion for summary judgment on that issue. The fact that the federal district court decided not to exercise its supplemental jurisdiction over the state claim raised in count III (reasserted as count I in the second amended complaint) did not make the claim frivolous.
Thus, to the extent the award was based upon section 57.105(1), it was erroneous. However, as the appellees correctly contend, the trial court's award of attorney's fees was also based on sections 772.104 and 895.05(7) of the Florida Statutes (1993), and the appellees argue that the award was properly made pursuant to these statutory provisions.
Section 772.104, Florida Statutes (1993), provides that the defendant in a civil action brought under that statute "shall be entitled to recover reasonable attorney's fees and *1025 costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Section 895.05(7), Florida Statutes (1993), contains a virtually identical provision, with the sole variation being the substitution of the word "factual" for "fact."
The standard for determining entitlement to attorney's fees is slightly less stringent under sections 772.104 and 895.05(7) than the bad faith standard of section 57.105. See Foreman v. E.F. Hutton & Co., 568 So.2d 531 (Fla. 3d DCA 1990) (discussing standard under section 772.104). While section 57.105 requires a finding of a complete absence of a justiciable issue of either law or fact before a losing party would be obligated to pay the opposing party's attorney's fees, section 772.104 (and presumably section 895.05(7)) merely necessitates a finding that the claim was without substantial fact or legal support. Id. at 532. That test cannot be met where one of several alternatively plead causes of action results in a judgment unfavorable to the movant for attorney's fees except under very extreme circumstances. Any other rule would stifle creative pleading by one having a legitimate cause of action. That is not the purpose of legislation or rules providing for attorney's fees. Here appellant successfully prosecuted one of its claims in federal district court. The state court's determination that two alternatively-stated causes of action in the same complaint could not be pursued because of lack of standing does not equate to a finding that the counts containing those pleadings are without substantial fact (factual) or legal support. To determine otherwise here would transform the statutes into "prevailing party" attorney's fees provisions. The legislature is perfectly capable of writing a "prevailing party" statute that is clear and unambiguous. The language utilized in the statutes in question does not fit that description. Therefore, the mere fact that appellant did not prevail on two of several theories of recovery does not, without more, activate the attorney's fees entitlement of those statutes.
The appellees also claim that they are entitled to their attorney's fees pursuant to section 817.41(6) for time spent in litigating count II of the appellant's amended complaint. However, the appellees did not seek attorney's fees under section 817.41(6) in any of their motions for attorney's fees, nor did the trial court indicate in its final judgment that it was basing its fee award on this statutory provision. The absence of a prior pleading containing a claim for attorney's fees is, without an estoppel from conduct or the failure to object, fatal to an award of attorney's fees. Coffey v. Evans Properties, Inc., 585 So.2d 960, 962 (Fla. 4th DCA 1991). In Coffey, this court reversed an order awarding appellee attorney's fees and costs pursuant to section 772.104, where the appellee had failed to mention attorney's fees in its motion attacking the sufficiency of the appellant's claims and its later motion for fees failed to cite any statutory basis for them. Id. Appellees therefore cannot justify the trial court's award of attorney's fees on the basis of section 817.41(6).
We therefore conclude that appellees were not entitled to an award of attorney's fees under the circumstances of this case.
Because the trial court was without jurisdiction to enter the order appealed, and for the additional reason that appellees were not entitled to attorney's fees in any event, we reverse.
REVERSED AND REMANDED.
DELL, C.J., and HERSEY and WARNER, JJ., concur.