DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WING KEI HO** and **KAREN YEH-HO,**
Appellants,

v.

**FOUNTAINS OF PALM BEACH CONDOMINIUM INC., NO. 3,**
a Florida not-for-profit corporation,
Appellee.

No. 4D19-3199

[December 16, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502015CA014371XXXXMB.

Wing Kei Ho and Karen Yeh-Ho, Boynton Beach, pro se.

Lilliana M. Farinas-Sabogal and Howard Perl of Becker & Poliakoff, P.A., Miami, for appellee.

PER CURIAM.

The appellants challenge an order of the trial court which merely granted appellee's motion for summary judgment without entry of final judgment, but then entered a judgment for attorney's fees. Because the order granting a summary judgment without entry of final judgment is not appealable, we dismiss this appeal. And, because the judgment for attorney's fees was entered prior to a final summary judgment on the merits, it was prematurely entered and must be reversed.

The appellee, Fountains of Palm Beach Condominium, No. 3, filed suit against appellants, unit owners in the condominium, for injunction and for breach of contract. Appellee alleged that appellants had rented their unit without written approval of the condominium association. The complaint sought injunctive relief to compel appellants to require their tenants to vacate the unit, as well as "[p]ermanently enjoining [appellants] . . . from any further violations of Articles XI of the Declaration, and expressly prohibiting them from permitting unauthorized

guests/occupants to reside in the Unit at any time in the future[.]" The complaint also sought damages for breach of contract and attorney's fees.

Appellants moved to dismiss alleging various claims, which the court denied. Appellants then answered, raising multiple affirmative defenses. Thereafter, appellee moved for summary judgment, contending that appellants had admitted at the hearing on the motion to dismiss that they had a tenant in the unit that was not approved by the association. After a lengthy hearing, the court granted appellee's motion for summary judgment.

The trial court's order granting summary judgment simply stated, "the ASSOCIATION'S Motion for Final Judgment is GRANTED." It also found that appellee was the prevailing party. Appellants filed a notice of appeal of this order, but this court dismissed the appeal because the order merely granted the motion for final judgment and had struck language entering a judgment for attorney's fees.

When the case returned to the trial court, the court entered a subsequent "final judgment" which solely entered a judgment for attorney's fees. The order did not correct the original final judgment which simply granted the motion for summary judgment. Appellants filed their notice of appeal of the judgment for attorney's fees, noting the lack of a final order on the merits.

We have said multiple times that an order merely granting a summary judgment does not constitute a final order. *E.g.*, *Rust v. Brown*, 13 So. 3d 1105 (Fla. 4th DCA 2009); *Dobrick v. Discovery Cruises, Inc.*, 581 So. 2d 645 (Fla. 4th DCA 1991). This case is a perfect example of why such an order granting summary judgment is simply insufficient to constitute a final order. Was the permanent injunction granted, and if so, as to what? Also, what was decided on the breach of contract claim? Are there any damages? Without a final order, appellant cannot appeal.

This brings us to the judgment for attorney's fees. The trial court entered an executable judgment before a final appealable judgment on the merits has been rendered. The pro se appellants raised this issue in their brief, arguing that the judgment for attorney's fees was premature. In *Coffey v. Evans Properties, Inc.*, 585 So. 2d 960, 961 (Fla. 4th DCA 1991), we explained that "the issue of attorney's fees had to await the entry of the final judgment disposing of all claims and defenses." There, we reversed a final judgment for attorney's fees which was entered prior to the disposition of all claims.

2

As we did in *Coffey*, we reverse the judgment for attorney's fees in its entirety as premature. By doing so, it is important to note that we have not ruled on the merits of the entitlement or proper amount of attorney's fees. On remand, the trial court can revisit the issue of appellee's entitlement and amount of attorney's fees following entry of a final judgment. *Coffey*, 585 So. 2d at 962; *see also Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 106 (Fla. 2001) ("a lower court is not precluded from passing on issues that 'have not necessarily been determined and become law of the case'").

*Appeal dismissed in part; reversed and remanded in part for further proceedings.*

LEVINE, C.J., and ARTAU, J., concur.
WARNER, J., concurs with opinion.

WARNER, J., concurring.

Like so many of these disputes between unit owners and condominium or homeowner associations, it appears that these proceedings come down to attorney's fees, as the tenant moved out. Because this case has been here before, I offer these observations on the merits of the proceedings.

There are two major issues involved. First, whether summary judgment should have been granted based upon the appellants' "admission" at the hearing on the motion to dismiss that they did not get approval of their tenant.[1] My reading of that transcript is that appellants' argument was more nuanced. They claimed at the hearing that they had made an application for the tenant, which was not accepted, but that they did not receive any notification of rejection as required by the rules of the Association and Declaration. Previously, the tenant had been approved to rent another of appellants' units. Further, their tenant had moved out. Thus, it is not clear to me that no disputed material facts remained; that the Association proved their claim; or that it negated the affirmative defense on this issue.

Second, appellants contend that the Association failed to comply with a condition precedent of submitting the case to non-binding arbitration

---

[1] It appears the Association was using appellants' statements in the hearing as a "judicial estoppel." Otherwise the statements could not have supported a summary judgment because the statements were not under oath nor were the statements responses to requests for admission. The Association did not provide its own affidavit stating that the tenant had not been approved.

pursuant to section 718.1255(4)(a), Florida Statutes (2015). They rely on *Blum v. Tamarac Fairways Ass'n, Inc.,* 684 So. 2d 826 (Fla. 4th DCA 1996), but that case was decided prior to the statute being amended to specifically exclude tenant removal actions from its orbit. *See* § 718.1255(1)(c), Fla. Stat. (2015). Further, subsequent decisions by the Division of Administrative Hearings in tenant removal cases show that the Division does not take jurisdiction of cases where tenant removal is the issue. *See, e.g., Oakbrook Condo. Ass'n Inc. v. Lubinsky,* 2019 WL 7501285 (Fla. DBPR Arb. Oct. 9, 2019); *Summergate Condo. Ass'n, Inc. v. Teramoto,* 2020 WL 756800 (Fla. DBPR Arb. Jan. 22, 2020). This is in contrast to cases in which the Association simply demands that the unit owner obtain approval of the tenant, as opposed to requiring removal of the tenant, which claims can be subject to non-binding arbitration. *See, e.g., Huntington Lakes Two Condo. Ass'n, Inc. v. Hall,* 2004 WL 3273050 (Fla. DBPR Arb. Apr. 9, 2004).

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***