CARROLL, Judge.
This interlocutory appeal by the defendant below is from an order of the circuit court in Dade County appointing a receiver. Prior to the entry of the order in question the suit had been removed to a United States district court, and it had not been remanded. The question presented is whether the circuit court had jurisdiction to make the challenged order. We hold that the circuit court was without jurisdiction, and reverse.
The suit was brought by creditors against the defendant Rutas Aereas Nacionales, S. A., a Venezuelan corporation, in the circuit court in Dade County. That court appointed a receiver. Thereafter the case was removed to the United States District Court, Southern District of Florida, on the ground of diversity of citizenship, as provided for *169 in 28 U.S.C.A. §§ 1441, 1446. An order was entered in the cause in the federal court approving a plan of arrangement proposed by the defendant corporation, returning the assets of the defendant to its custody and control, and relieving the receiver of responsibility other than to account but retaining him in office for that purpose. The receiver died prior to his discharge. Additional creditors including Riddle Airlines, Inc. intervened in the cause in the federal court. Riddle Airlines, Inc. and other parties moved the federal court in said cause for the appointment of a receiver to succeed the one who had died. The federal court entered an order denying that application for receiver. On the following day the intervenor Riddle Airlines, Inc. moved the circuit court in Dade County in the original styled cause for appointment of a successor receiver. The defendant sought prohibition in this court which we denied.[1] The circuit judge heard the matter and appointed a receiver in said cause, and the defendant took this appeal therefrom.
We need not consider the merits of the appointment, because the determinative question is one of jurisdiction. Ap-pellees contend the circuit court’s order was proper because it only supplied a substitute for the deceased receiver, whose duties were limited, and because otherwise the moving parties would be without remedy following the federal court’s refusal to appoint. These contentions lack merit. Jurisdiction of the circuit court could not depend upon the objects for which the receiver was appointed or the breadth of his duties. The parties who moved for and were denied the appointment of such receiver in the federal court were not without remedy. Such an order is appealable. 28 U.S.C.A. § 1292(a) (2).
After removal of the state court receivership suit to the United States district court, and while the suit remained there and had not been remanded to the state court, the latter court was without jurisdiction to appoint a receiver in said suit on motion of a party thereto. See e. g., Lowe v. Jacobs, 5 Cir.1957, 243 F.2d 432; Hopson v. North American Insurance Company, 71 Idaho 461, 233 P.2d 799, 25 A.L.R.2d 1040. See also, 28 U.S.C.A. §§ 1446, 1447.
For the reasons stated the order appealed from is reversed.

. When prohibition was sought the trial court had made no order in exercise of the unauthorized jurisdiction. In that circumstance, because it will not be assumed a court will act in absence of jurisdiction, prohibition may be refused. See State ex rel. Reynolds v. White, 40 Fla. 297, 24 So. 160, 167; State ex rel. Anderson v. Parks, 94 Fla. 91, 113 So. 702; State ex rel. Brooks v. Freeland, 103 Fla. 683, 138 So. 27; 25 Fla.Jur., Prohibition, § 40; 42 Am.Jur., Prohibition, § 41.