484 So.2d 75 (1986)
GENERAL ELECTRIC CREDIT CORPORATION, Appellant,
v.
Milburn SMITH, Appellee.
No. 85-2929.
District Court of Appeal of Florida, Second District.
March 5, 1986.
*76 A. Broaddus Livingston and Robert Pass of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
Curtright C. Truitt of Tew & Truitt, P.A., Fort Myers, and Marcus J. Ezelle of Marcus J. Ezelle, P.A., Wauchula, for appellee.

ON MOTION TO DISMISS
GRIMES, Acting Chief Judge.
Appellee (Smith), a Florida resident, sued Fleetwood Homes of Florida, Inc. (Fleetwood), a Florida corporation, and General Electric Credit Corporation (General Electric), a New York corporation, for damages resulting from the conversion of a mobile home. Thereafter, the following action was taken on the dates indicated below.

 September 27, 1985 Smith moved for partial summary
 judgment against General Electric.
 October 22, 1985 General Electric and Fleetwood
 moved for summary judgment.
 November 4, 1985 Smith dropped Fleetwood as a party
 with prejudice.
 November 15, 1985 The court held a hearing on motions
 for summary judgment.
 November 19, 1985 The court denied General Electric's
 motion for summary judgment and
 granted Smith partial summary
 judgment on liability against General
 Electric.
 November 26, 1985 General Electric filed a petition for
 removal in federal district court and
 filed a copy of the petition in state
 court.[1]
 December 4, 1985 Smith filed in federal court a petition
 to remand to state court.
 December 17, 1985 Federal court remanded the case to
 state court.[2]
 December 20, 1985 General Electric filed notice of
 appeal from partial summary
 judgment pursuant to rule
 9.130(a)(3)(C)(iv), Fla.R.App.P.

Smith has now filed a motion to dismiss this appeal for lack of jurisdiction because the notice of appeal was filed thirty-one days after the order sought to be reviewed. Simply stated, the question is whether or not General Electric's time for taking the appeal was tolled during the period the case was removed to federal court.
Early decisions required removing defendants to protect their position against the possibility of remand by continuing to comply with applicable time periods in state courts during removal. Tracy Loan & Trust Co. v. Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279 (1932); Citizens' Light, Power & Telephone Co. v. Usnik, 26 N.M. 494, 194 P. 862 (1921). In 1949, the federal removal statute was amended to provide that upon the filing of a petition for removal, the removing party shall file a copy of the petition in the state court "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C.A. § 1446(e). Under this amendment, removal to federal court divests the state court of jurisdiction to proceed. Maidman v. Jomar Hotel Corp., 384 So.2d 728 (Fla. 3d DCA 1980); Rutas Aereas Nacionales, S.A. v. Cauley & Martin, Inc., 160 So.2d 168 (Fla. 3d DCA), cert. denied, 166 So.2d 753 (Fla. 1964). The state court's jurisdiction is suspended from the moment of removal until the case is remanded to it by the federal court. Laguna Village, Inc. v. Laborers International Union, Local 652, 35 Cal.3d 174, 672 P.2d 882, 197 Cal. Rptr. 99 (1983). Therefore, any pleadings that a party might try to file in the interim in order to "preserve his rights in state court" would be ineffective. Edward Hansen, Inc. v. Kearny Post Office Associates, 166 N.J. Super. 161, 399 A.2d 319 (1979).
In Lucky Friday Silver-Lead Mines Co. v. Atlas Mining Co., 88 Idaho 11, 395 P.2d 477 (1964), suit was filed on December 6, 1962, and removed to federal court one week later. Immediately following remand, the plaintiff obtained an order of default on January 17, 1963. The following day the court entered a default judgment against the defendant. On appeal from the denial of a motion to vacate the default judgment, the Idaho Supreme *77 Court reversed. The court held that since all state proceedings were held in abeyance from removal until remand, the period of time the cause was before the federal court could not be considered in computing the time within which the defendant had to appear. Accord Dauenhauer v. Superior Court, 149 Cal. App.2d 22, 26, 307 P.2d 724, 726 (1957) ("[W]hen the cause was remanded ... the state of suspension theretofore existing terminated, and plaintiff had the unexpired time theretofore given him within which to file his demurrers... ."); Allen v. Hatchett, 91 Ga. App. 571, 576, 86 S.E.2d 662, 665 (1955) ("[J]urisdiction of the State court was suspended until the case was remanded to it by the Federal court, at which time the State court resumed jurisdiction and the case stood as it did at the time of removal.").
We hold that the time period within which General Electric was required to file its notice of appeal was tolled during the time of removal. Therefore, the notice of appeal was timely filed, and the motion to dismiss is denied.
CAMPBELL and HALL, JJ., concur.
NOTES
[1] General Electric asserted that its petition for removal was timely filed because diversity in the citizenship of the parties first occurred when Fleetwood was dropped from the action. 28 U.S.C.A. § 1446(b).
[2] The federal court ruled that by virtue of having proceeded to hearing on the motions for summary judgment, General Electric waived its right to remove the case.