No. 86–1475.   BURLINGTON NORTHERN RAILROAD CO. *v.* BELL ET AL.   Ct. App. Okla.   Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question whether a state court may proceed to adjudicate a case after a removal petition has been filed in federal court.   Respondents in this case brought a negligence action against petitioner and an individual defendant in state court.   After seven days of trial, the trial court dismissed the individual defendant.   Petitioner then filed a removal petition in federal court, alleging diversity of citizenship.   The state trial court proceeded despite the removal petition and the jury rendered a verdict against petitioner.   Subsequently, the District Court held that the case was not properly removed because the individual defendant was dismissed on the merits and not, as petitioner contended, with the consent of the plaintiffs.   The District Court remanded the case and the state trial court entered judgment against petitioner on the basis of the previously rendered jury verdict.

The trial court and the Oklahoma Court of Appeals rejected petitioner's argument that the verdict against it is void under 28

U. S. C. § 1446(e), which provides that the proper filing of a removal petition "shall effect the removal [to federal court] and the State court shall proceed no further unless and until the case is remanded."

The decision below conflicts with cases holding that when a case has been removed to federal court the state court lacks jurisdiction to act until the case is remanded. See, e. g., *South Carolina* v. *Moore*, 447 F. 2d 1067, 1072–1074 (CA4 1971); *Mississippi Power Co.* v. *Luter*, 336 So. 2d 753, 755 (Miss. 1976). I would grant certiorari to resolve this conflict.