Tammi ABBOTT a/k/a Tammi Rivera
Abbott, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00155–CR.

Court of Appeals of Texas,
San Antonio.

May 25, 1988.

Richard J.W. Nunez, Brownsville, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before CADENA, C.J., and
ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction of capital murder. Appellant, Tammi Abbott, was found guilty by a jury. After the jury answered the special issues on punishment in the negative, the trial court sentenced appellant to life imprisonment. This appeal resulted. We reverse.

Appellant raises six points of error.

By points of error five and six appellant challenges the sufficiency of the evidence. The standard for reviewing sufficiency of the evidence requires us to examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App.1984).

■ Appellant was charged with and convicted of causing the death of Keith Nordyke by strangling him with a wire or stabbing him with a knife, and causing the death of Jean Nordyke by stabbing her with a knife, either acting alone or as a party with Federico Rivera, while in the course of committing or attempting to commit the offense of robbery of the Nordykes. *See* TEX.PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp.1988) and § 7.02(a)(2), (b) (Vernon 1974).

Appellant contends that no rational trier of fact could have found that appellant, either acting alone or as a party with Rivera, caused the deaths of the Nordykes.

The evidence viewed in the light most favorable to the prosecution established the following: Appellant and Rivera agreed to rob the Nordykes. Appellant and Rivera lured the Nordykes into the Nordykes' van. Rivera had concealed a large butcher knife on his person, and appellant had a small knife and rope in her purse. Rivera brandished his knife and ordered Mr. Nordyke to stop the van on a dirt road. Appellant tied up the Nordykes. Mr. Nordyke was stabbed with a knife and strangled with a wire. Mrs. Nordyke was stabbed with a knife. The stab wounds were caused by the small knife. As a result, the Nordykes died. Appellant drove the van from the scene. She was arrested in Ohio for using Mrs. Nordyke's credit card.

In determining whether one participated as a party in committing an offense, the fact finder may look to events occurring before, during, and after the offense, and reliance may be placed on actions which show an understanding and common design to do a certain act. *Santana v. State,* 714 S.W.2d 1, 6 (Tex.Crim.App.1986).

In the instant case a rational trier of fact could have found appellant was criminally responsible either acting alone or as a party under § 7.02. Appellant's fifth and sixth points of error are overruled.

By points of error one and two appellant contends the jury was incorrectly instructed on the *mens rea* of the offense. Appellant argues that the trial court erred in not submitting appellant's requested instruction on capital murder and in instructing the jury that capital murder under § 19.03(a)(2) includes the culpable mental state of "knowingly."

■ Initially, the State claims that appellant did not preserve error. We disagree.

Prior to submission of the charge to the jury, appellant requested in writing several instructions, one of which stated, "A person commits capital murder if he intentionally causes the death of an individual while in the course of committing, or attempting to commit, the offense of robbery." The trial court indicated on the written request that it was granted. Also prior to the reading of the charge to the jury, the trial court asked appellant's counsel if appellant had any objections to the charge. Appellant raised objections, none of which concerned the culpable mental state of capital murder.

TEX.CODE CRIM.PROC.ANN. art. 36.-15 (Vernon Supp.1988) provides:

... The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.

Any special requested charge which is granted shall be incorporated in the main charge and shall be treated as a part thereof. ...

When the defendant has leveled objections to the charge or has requested instructions or both, and the court there-

after modifies his charge and rewrites the same and in so doing does not respond to objections or requested charges, or any of them, then the objections or requested charges shall not be deemed to have been waived by the party making or requesting the same, but shall be deemed to have been urged by the party making or requesting the same unless the contrary is shown by the record; no exception by the defendant to the action of the court shall be necessary or required in order to preserve for review the error claimed in the charge.

Appellant's requested instruction preserved the alleged error. *See Rasmussen v. State*, 608 S.W.2d 205, 208 (Tex.Crim. App.1980).

■ Turning to the merits of appellant's first and second points of error, the following paragraphs were included in the jury charge (all emphases added):

### 1.

A person commits murder when he *intentionally or knowingly* causes the death of an individual.

### 2.

Our law provides that a person commits capital murder when such person *intentionally or knowingly* causes the death of another person while such person is in the course of committing or attempting to commit the offense of robbery.

\*   \*   \*   \*   \*   \*

### 9.

Before you would be warranted in convicting the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, of capital murder, you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, either acting alone or as party with Federico Rivera, was engaged in the commission or attempted commission of the felony offense of robbery, if any, of Keith Nordyke and Jean Nordyke, as defined in this charge, but also that during the commission of the felony offense of robbery or attempted commission thereof, if any, the Defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, either acting alone or as a party with Federico Rivera, *intentionally or knowingly* strangled with a wire or stabbed with a knife Keith Nordyke and stabbed with a knife Jean Nordyke *with the intention of causing the death* of both.

Unless you find from the evidence beyond a reasonable doubt that the Defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, acting alone or as a party with Federico Rivera, on the occasion in question, *specifically intended to kill* the said Keith Nordyke when she strangled him with a wire or stabbed him with a knife, if she did, and Jean Nordyke when she stabbed her with a knife, if she did, and unless you find from the evidence beyond a reasonable doubt that said act, if any, was committed in the course of committing and attempting to commit the felony offense of robbery, you cannot convict the Defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, of capital murder.

### 10.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 27th day of March, 1986 in Cameron County, Texas the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, acting alone or as a party with Federico Rivera, as that term has been defined herein, did *intentionally or knowingly* cause the death of Keith Nordyke by strangling him with a wire or stabbing him with a knife and Jean Nordyke by stabbing her with a knife while said Defendant, acting alone or as a party with Federico Rivera, was then and there in the course of committing or attempting to commit the offense of robbery of Keith Nordyke and Jean Nordyke, then you will find the defendant guilty of capital murder.

Unless you so find beyond a reasonable doubt thereof, you will acquit the defendant of capital murder and next

consider whether defendant is guilty of the lesser offense of murder.

### 11.

If you find from the evidence beyond a reasonable doubt that on or about the 27th day of March, 1986 in Cameron County, Texas, the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, acting alone or as a party with Federico Rivera as that term has been defined herein, did *intentionally or knowingly* cause the death of Keith Nordyke by strangling him with a wire or stabbing him with a knife and Jean Nordyke by stabbing her with a knife, *but you have a reasonable doubt as to whether the defendant was then and there engaged in the commission of robbery or attempted robbery* of Keith Nordyke and Jean Nordyke at the time of said stabbing and strangulation, if any, then you will find the defendant guilty of murder, but not capital murder.

### 12.

Now, if you find beyond a reasonable doubt that on or about the 27th day of March, 1986, in Cameron County, Texas, the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, either acting alone or as a party with Federico Rivera, did *intentionally or knowingly* cause the death of an individual, namely, Keith Nordyke, by strangling him with a wire or stabbing him with a knife, then you will find the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether defendant is guilty of the murder of Keith Nordyke then you will find her not guilty.

### 13.

Now, if you find beyond a reasonable doubt that on or about the 27th day of March, 1986, in Cameron County, Texas, the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott, either acting alone or as a party with Federico Rivera, did

*intentionally or knowingly* cause the death of an individual, namely Jean Nordyke, by stabbing her with a knife, then you will find the defendant, Tammi Abbott, a/k/a Tammi Rivera Abbott guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether defendant is guilty of the murder of Jean Nordyke, then you will find her not guilty.

Under § 19.03(a)(2) of the Penal Code, "A person commits an offense if he commits murder as defined under § 19.02(a)(1) of this code and ... the person *intentionally* commits the murder in the course of committing or attempting to commit ... robbery...." The necessary *mens rea* for § 19.03(a)(2) capital murder is "intentionally." *Richardson v. State,* 744 S.W.2d 65, 84 (Tex.Crim.App.1987); *Demouchette v. State,* 731 S.W.2d 75, 80 (Tex.Crim.App. 1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987); *Santana v. State,* 714 S.W.2d 1, 9 (Tex.Crim.App.1986); *Selvage v. State,* 680 S.W.2d 17, 20 (Tex. Crim.App.1984); *Lamb v. State,* 680 S.W. 2d 11, 15 (Tex.Crim.App.1984).

■ Paragraphs two and ten of the jury charge incorrectly stated the *mens rea* of capital murder as "intentionally or knowingly." Thus, the trial court erred in giving an incorrect charge. Having found that error existed in the jury charge, we must determine whether the error requires reversal.

> If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

*Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (emphasis in original); *see also* TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981); TEX.R.APP.P. 81(b)(2).

[T]he presence of *any* harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction. Cases involving preserved charging error will be affirmed only if *no* harm has occurred. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986) (emphasis in original).

In determining whether appellant suffered any actual harm as a result of the error, we must examine relevant portions of the entire record. *Arline v. State*, 721 S.W.2d at 351-52.

Paragraph nine correctly stated the culpable mental state for capital murder.[1] *See Richardson v. State*, 744 S.W.2d 65, 83-84 (Tex.Crim.App.1987). A literal reading of § 19.03(a)(2) shows that the offense is committed when a person intentionally or knowingly causes the death of an individual (murder under § 19.02(a)(1)) *and* intentionally commits the murder in the course of committing or attempting to commit robbery. *Richardson v. State*, 744 S.W.2d at 83-84. Unlike the charge in *Richardson v. State*, however, the charge in the instant case, in paragraphs two and ten, does not limit the culpable mental state of capital murder to "intentional."

According to paragraph two, capital murder can be committed "intentionally or knowingly." The only difference between murder and capital murder, according to paragraphs one and two, is whether the murder was committed in the course of committing or attempting to commit a robbery.

Paragraph ten of the charge instructed the jury that if they find that appellant "intentionally or knowingly" caused the Nordykes' deaths while appellant was committing or attempting to commit robbery, then the jury would find appellant guilty of capital murder. Paragraph eleven advised the jury that if they find that appellant "intentionally or knowingly" caused the deaths of the Nordykes, but the jury has a reasonable doubt about whether appellant was engaged in the commission or attempt

of robbery, the jury would find appellant guilty of murder. Thus, under paragraphs ten and eleven, the only difference between murder and capital murder is whether the murder was committed during a robbery.

Similarly, paragraphs twelve and thirteen provide substantially the same instructions for murder as those found in paragraph ten for capital murder. Again, the absence of the robbery element for murder is the only difference.

An examination of counsels' jury arguments shows that "intentionally or knowingly" were the culpable mental states of capital murder argued to the jury. No one argued that intentional conduct must be the basis for a capital murder conviction of appellant.

After reviewing the record of this case, we cannot conclude that the error was harmless beyond a reasonable doubt, despite paragraph nine of the charge. The jury was incorrectly allowed to find appellant guilty of capital murder based upon a culpable mental state less than that required by statute.

Appellant's first and second points of error are sustained. We do not address appellant's third and fourth points of error. TEX.R.APP.P. 90.

The judgment of conviction is reversed and the cause is remanded.

---

1. Paragraph nine instructed the jury, "Unless you find from the evidence beyond a reasonable doubt that the Defendant ... specifically intend- ed to kill the said Keith Nordyke ... and Jean Nordyke ... you cannot convict the Defendant ... of capital murder."