COPE, Judge.
Rebecca and Robert J. Preston appeal an order dismissing their amended complaint without prejudice.
Rebecca and Robert J. Preston filed an action against their insurer, Allstate Insurance Company, seeking uninsured motorist benefits and making a claim for insurer bad faith. Allstate filed a notice of removal in the United States District Court for the Southern District of Florida. Subsequently, Allstate filed a copy of the notice of removal in the state court. Insofar as pertinent here, the federal removal statute provides that once a copy of the notice of removal is filed in state court, “the State court shall proceed no further unless and until the case is remanded.” 28 U.S.C. § 1446(d); see General Electric Credit Corp. v. Smith, 484 So.2d 75, 76 (Fla.2d DCA 1986); Weiser v. Bierbrouwerij, B.V., 430 So.2d 986, 987 (Fla.3d DCA 1983);[1] Rutas Aereas Nacionales, S.A v. Cauley & Martin, Inc., 160 So.2d 168, 169 (Fla.3d DCA), cert. denied, 166 So.2d 753 (Fla.1964); Allstate Insurance Co. v. Superior Court, 132 Cal.App.3d 670, 183 Cal.Rptr. 330, 332-33 & n. 5 (1982). See generally 1A James W. Moore & Brett A. Ringle, Moore’s Federal Practice para. 0.168[3.-8-3] (2d ed. 1993); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction Second § 3737 (2d ed. 1985); Michael J. Kaplan, Annotation, Effect on Jurisdiction of State Court, of 28 U.S.C.S. § 14.4.6(e), Relating to Removal of Civil Cases To Federal Court, 38 A.L.R.Fed. 824 (1978). The federal removal statute provides that upon entry of an order of remand, “[t]he State court may thereupon proceed with such case.” 28 U.S.C. § 1447(c). See generally Wilson v. Sandstrom, 317 So.2d 732, 740-41 (Fla.1975) (effect on state court jurisdiction where case is remanded), cert. denied sub nom. Alder v. Sandstrom, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976).
*1324 In the present ease there was a time delay between the filing of the notice of removal in federal court, and the later filing of a copy of the notice of removal in state court. During that interval, the federal and state courts had concurrent jurisdiction. Dade County Classroom Teachers’ Ass’n, Inc. v. Rubin, 238 So.2d 284, 286 (Fla.1970), cert. denied, 400 U.S. 1009, 91 S.Ct. 569, 27 L.Ed.2d 623 (1971). However, once the copy of the notice of removal was filed in state court, state jurisdiction ended. Id.; General Electric Credit Corp. v. Smith, 484 So.2d at 76; Weiser v. Bierbrouwerij, B.V., 430 So.2d at 987; Rutas Aereas Nacionales, S.A v. Cauley & Martin, Inc., 160 So.2d at 169. The filing of the copy operated “retroactively to ‘effect the removal’ as of the date of fifing the Petition [for Removal] in federal court.”[2] Dade County Classroom Teachers’ Ass’n v. Rubin, 238 So.2d at 286 (citations omitted).
In the present case the federal court dismissed the removed action without prejudice.[3] Thereafter plaintiffs returned to state court and sought to amend the original (removed) state court complaint. The trial court eventually concluded that it could not reactivate the original state court ease and dismissed the amended complaint. The plaintiffs have appealed. Plaintiffs argue that upon dismissal without prejudice by the federal court, the original state court action was automatically reinstated and the state court was free to resume jurisdiction of the removed ease. We disagree.
From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state court jurisdiction ceases when a copy of the notice of removal is filed in the state court. 28 U.S.C. § 1446(d).[4] Thereafter, the state court is allowed to resume jurisdiction of the removed case if, and only if, the federal court grants permission by entering an order of remand. Id. The statute is explicit on this point. There was no order of remand in this case. Consequently the trial court could not resume jurisdiction of the removed action.
Once the federal court dismissed the case without prejudice, the plaintiffs were free (among other things) to file another lawsuit in state or federal court.[5] Absent an order of remand, however, plaintiffs could not return to state court to resume litigating the original (removed) ease. It was necessary for plaintiffs to file a new lawsuit.
Although initially skeptical, the trial court ultimately concluded that Allstate’s position was correct. The court ruled that it was not free to proceed with the original (removed) state court lawsuit. That conclusion was correct.[6]
We disagree with the trial court’s ruling in one particular. The trial court entered an order dismissing the plaintiffs’ amended complaint without prejudice. This the court *1325 could not do. “Once a matter is removed to the federal court, a state trial court and its judge have no jurisdiction over the matter and cannot dismiss it.” Weiser v. Bierbrouwerij, B.V., 430 So.2d at 987 (citations omitted). Accordingly, we strike so much of the order as grants the motion to dismiss and instead direct that the action abate pursuant to 28 U.S.C. § 1446(d).
Affirmed as modified.

. We follow the citation form used in the Southern Reporter. It appears that the correct corporate name of the appellee is actually Grolsche Bierbrouwerij, B.V.

. Effective in 1988, 28 U.S.C. § 1446 was amended, inter alia, to substitute "notice of removal" for the previous term, “petition for removal.” 1A Moore & Ringle, Moore's Federal Practice para. 0.168[3.-1], at 542-43 n. 1.

. Plaintiffs failed to comply with the federal court's pretrial order.

. Because the notice of removal was actually ■ filed in this case, we need not explore the doctrine of constructive notice of removal. See Medrano v. Texas, 580 F.2d 803 (5th Cir.1978).

. The Second District Court of Appeal has held that the statute of limitations is tolled during the pendency of the removed case in federal court. General Electric Credit Corp. v. Smith, 484 So.2d 75, 77 (Fla.2d DCA 1986). When this case was dismissed without prejudice by the federal court, the statute of limitations was reactivated.

.During the pendency of proceedings below, Allstate brought an action in federal court seeking to enjoin the state court from proceeding further with the removed action. We are in substantial agreement with Judge Atkins' analysis of the jurisdictional issues. See Allstate Ins. Co. v. Preston, Case no. 92-1104-Civ-Atkins, Order Denying Motion for Injunctive Relief, and Order on Plaintiff's Motion for Rehearing (S.D.Fla., July 23, 1992, Oct. 13, 1992). Because the removed action had already been dismissed by the federal court, the federal court declined to issue an injunction, finding that irreparable injury had not been established by Allstate. The court reasoned that the expense to Allstate of further litigation in state court was not an irreparable injury. Order on Plaintiff's Motion for Rehearing, at 3-4.