727 So.2d 958 (1998)
David L. HEILMAN, Appellant,
v.
FLORIDA DEPARTMENT OF REVENUE, Appellee.
No. 97-4002.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
Rehearing Denied January 16, 1999.
*959 David L. Heilman, North Palm Beach, pro se.
Joseph R. Boyd and William H. Branch of Boyd, Lindsey, Williams & Branch, P.A., and Chriss Walker, Department of Revenue, Tallahassee, for appellees.
POLEN, J.
David Heilman appeals an order holding him in contempt for non-payment of child support, brought by appellee, Florida Department of Revenue (D.O.R.), on behalf of his former wife and children. Citing Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 (11th Cir.1988), appellant argues that the trial court could not conduct a contempt hearing and hold him in contempt for failure to pay child support while his notice of removal to federal court was pending. Alternatively, he argues that there was insufficient support for the contempt order.
This case arises from a 1985 divorce action. Three hours before a contempt hearing scheduled for February 24, 1997, appellant filed his third notice of removal seeking to remove the enforcement action to federal court. No argument was made that the removal petition was facially defective. The question in this case concerns the effect of the notice of removal on the pending state court contempt proceedings.
In Maseda, the eleventh circuit held that after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. The court noted that such was the rule even in a case improperly removed. Id. at 1255 n. 11. In Remova Pool Fence Co. v. Roth, 647 So.2d 1022 (Fla. 4th DCA 1994), citing Maseda, we noted that any proceedings after removal but before remand are void ab initio. In Remova Pools, a circuit court's order awarding fees entered prior to the federal court remand was held void. 647 So.2d at 1024.
Remova Pools did not involve a claim of an improper or successive removal petition. In Wilson v. Sandstrom, 317 So.2d 732, 740 (Fla.1975), cert. den. sub nom. Alder v. Sandstrom, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976), the Florida Supreme Court held that an injunction order was valid and rejected the argument that the attempted removal ousted the trial court of jurisdiction. The supreme court reasoned that when removal is shown to be improper, the state court's actions are not void. 317 So.2d at 741 (citing F & L Drug Corp. v. American Cent. Ins. Co., 200 F.Supp. 718 (D.Conn.1961)). The Florida Supreme Court also looked to Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941), wherein the Supreme Court rejected a similar argument, albeit before a 1948 amendment to the federal removal statute.
Briefly, before the 1948 amendment, the removal statute provided that whenever a party was "entitled to remove any suit" the party would file the notice in state court. The state court would then accept the petition and "proceed no further in such suit." See 28 U.S.C.A. § 72. As a result of the amendment, section 28 U.S.C. § 1446 provides that a defendant "desiring to remove" any civil or criminal action from state to federal court shall file the notice of removal in the district court. Subsection (d) provides that the defendant shall give written notice of the petition to all adverse parties and shall *960 file a copy with the clerk of the state court and the "State court shall proceed no further unless and until the case is remanded."
In Bell v. Burlington Northern R.R., 738 P.2d 949 (Okla.Ct.App.1986), cert. denied, 482 U.S. 919, 107 S.Ct. 3197, 96 L.Ed.2d 684 (1987), the Oklahoma court addressed that amendment and concluded that the amendment changed primarily the methodology of perfecting a removal proceeding. 738 P.2d at 955. State court involvement was eliminated.
After considering other amendments to the removal statute and concluding that such were intended to limit the scope of removal, the Bell court reasoned that the implication of the statute was that federal jurisdiction ended "if and when" the case was remanded. 738 P.2d at 954. Practically, the Bell court noted that there would be an "anomalous phenomenon of litigants being cast into a judicial netherland, if the state court ipso facto loses all jurisdiction and it is later determined that the federal court has no jurisdiction." Id. at 954.
We agree with the Bell court's conclusion that Congress did not intend to provide a defendant with a means of halting a lengthy trial just before the case is to given to the jury, especially if the attempted removal is frivolous, doubtful, in bad faith, or otherwise improper. We also agree with the Bell court's comments that as a matter of policy, any contrary result would "impose an onerous burden on both the federal and state judicial systems, promote a great waste of state resources, and oppress hapless removal-related litigants by subjecting them to distressing losses of time and money." Id.[1]
Having concluded that not all state actions are void before a federal court remand, we adopt a narrow exception and the procedures set forth by the North Dakota courts. Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451 (N.D.1992), was a foreclosure action where the mortgagor filed successive removal petitions. The Rub court recognized that there "is all but unanimity on the proposition... that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable."
There, the second notice of removal was based on the same ground as the first notice. The first notice was denied as untimely.
The Rub court adopted a "limited exception" to the general "void" rule. The exception provides that in cases involving multiple filings of removal petitions, a state court retains jurisdiction to act when the federal court subsequently denies a removal petition which is based on the same grounds as a previously denied removal petition. Rub, 481 N.W.2d at 457.
In Farm Credit Bank of St. Paul v. Ziebarth, 485 N.W.2d 788, 791 (N.D.), cert. denied, 506 U.S. 988, 113 S.Ct. 501, 121 L.Ed.2d 437 (1992), an eviction case, the North Dakota court expanded Rub and held that a state court retains jurisdiction to proceed not only if the same grounds are asserted in successive removal petitions, but also if any additional ground asserted in the petition "is insufficient on its face to raise even a colorable claim of diversity jurisdiction."
The record provided to us in this case does not permit this court to apply the above adopted North Dakota procedures. Our review of the record reflects that the trial court noted a November 1996 order of remand authored by United States District Judge Kenneth L. Ryskamp in response to a second removal petition. Judge Ryskamp's order reflects that appellant had previously removed the exact same matter to the federal court in January 1996 whereupon Judge Hurley had "promptly and correctly" remanded the case to state court. Judge Ryskamp continued:
Nothing distinguishes defendant's present attempt at acquiring federal jurisdiction from his previous one, and the case is therefore remanded to State court. Defendant is cautioned that further frivolous *961 removals to federal court may subject him to serious sanctions.
The record does not indicate whether sanctions were imposed or whether his third petition presented an alternative "colorable claim" for removal. We remand the case for such analysis.
Appellant's alternative argument is that the record is insufficient to support the finding in the contempt order that appellant has the ability to pay a $300 monthly purge. Appellee did not present any evidence to demonstrate that appellant had the ability to pay $300 monthly as a purge. Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997). Appellee argues, however, that appellant's testimony presents evidence of his ability to pay the $300 purge. It points to the transcript wherein appellant states:
I paid the last month's arrearages of $1,300, I intend to pay this afternoon another month's arrearages and I can say that my former wife and I have worked out a settlement which will be filed with the court within five days.
The master then asked appellant how much money he brought to the hearing. Appellant replied, "I'm gonna pay $1,300.05, Your Honor, into the registry of the court within ten minutes." When appellee's counsel asked for a continuing purge of $300 per month, the commissioner found such to be fair.
Appellee argues that since appellant's current obligation was only $1,000 per month, it was obvious to the commissioner that appellant had the ability to pay an additional $300 as a purge. We hold this supports appellant's ability to pay a $300 monthly purge. Accordingly, we reverse and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
FARMER and GROSS, JJ., concur.
NOTES
[1] The Supreme Court denied review of Bell. Justice White dissented and noted that he would grant certiorari to resolve the conflict. Burlington Northern R.R. v. Bell, 482 U.S. 919, 107 S.Ct. 3197, 96 L.Ed.2d 684 (1987) (citing South Carolina v. Moore, 447 F.2d 1067, 1072-74 (4th Cir.1971) (rejecting argument that state court proceedings should be voidable, not void)).