WARNER, J.
Petitioner, the City of Delray Beach, brings this petition for writ of prohibition, contending that the trial court has no jurisdiction to proceed in the underlying lawsuit because the case was removed to federal court and has never been remanded. The trial court rejected this argument because the federal court issued a final judgment on grounds of standing, thus deciding the issue on jurisdictional grounds and not the merits of the underlying cause. Despite the trial court’s reasoning, the fed *36 eral removal statute is clear that remand is required, and we therefore grant the petition.
Respondent, Dharma Properties, sued the City in state court, alleging that certain development approvals were inconsistent with the city’s comprehensive plan. After it filed its answer and affirmative defense, the City removed the case to federal district court. The City then filed a motion for summary judgment in federal court, alleging that Dharma lacked standing to assert its claims. Dharma cross-motioned for summary judgment on the merits of the complaint. The federal court granted a summary judgment in favor of the City, concluding that Dharma lacked standing under Article III of the U.S. Constitution. The court then entered final judgment in favor of the City.
After the federal proceedings concluded, Dharma moved to amend its complaint in state court. The City objected, contending that because the case had not been remanded from federal court, the state court did not have jurisdiction to proceed. The trial court denied the motion, concluding that because the federal court did not rule on the merits, the state court had jurisdiction to proceed with the case.
Removal procedures are governed by the federal statutes. In pertinent part, they provide:
Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
28 U.S.C. § 1446(d) (2000). The next section continues:
If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
28 U.S.C. § 1447(c) (2000). In Preston v. Allstate Insurance Co., 627 So.2d 1322 (Fla. 3d DCA 1993), the third district construed these statutes as clear and mandatory and rejected an argument similar to the one that Dharma makes here, namely that once the federal district court dismisses or disposes of a case removed to that court from state court, the state court action is automatically reinstated, without the need for a remand order. The Third District stated:
From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state court jurisdiction ceases when a copy of the notice of removal is filed in the state court. 28 U.S.C. § 1446(d). Thereafter, the state court is allowed to resume jurisdiction of the removed case if, and only if, the federal court grants permission by entering an order of remand. Id. The statute is explicit on this point. There was no order of remand in this case. Consequently the trial court could not resume jurisdiction of the removed action.
Once the federal court dismissed the case without prejudice, the plaintiffs were free (among other things) to file another lawsuit in state or federal court. Absent an order of remand, however, plaintiffs could not return to state court to resume litigating the original (re *37 moved) case. It was necessary for plaintiffs to file a new lawsuit.
Id. at 1324 (footnotes omitted).
A determination that a plaintiff in a removed suit lacked constitutional standing to proceed in federal court constitutes a finding that the court lacks subject matter jurisdiction, and remand to state court is required rather than dismissal of the case in federal court. See Me. Ass’n of Interdependent Neighborhoods v. Comm’r, Me. Dep’t of Human Servs., 876 F.2d 1051, 1054-56 (1st Cir.1989). However, even if the federal court erred in granting final judgment instead of remanding the case, the proper avenue for relief was to appeal the final judgment. As it stands, the action was removed, and a final judgment in the action was rendered. The case is now complete unless the final judgment is vacated.
Because there is no order of remand, the state court could not reassume jurisdiction. We therefore grant the writ and order all proceedings in the trial court to cease.
POLEN, C.J., and GUNTHER, J., concur.