BILBREY, J.,
concurring.
I agree with Judge Benton’s thorough legal analysis that as 28 U.S.C. § 1446 is currently written, a state court lacks subject matter jurisdiction after a notice of removal is filed, even if the removal is improper. See Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248 (11th Cir.1988). I write separately first to emphasize that since no remand is contained in the record on appeal, subject-matter jurisdiction was never restored to the state circuit court, distinguishing the facts here from Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975). See City of Delray Beach v. Dharma Properties, Inc., 809 So.2d 35 (Fla. 4th DCA 2002).
Second, I write to warn defendants of the potential consequences if they are tempted to remove a case as delaying tactic, and not in good faith. The federal courts are authorized to award attorney’s fees and other “just costs and any actual expenses” on remand. 28 U.S.C. § 1447(c). Furthermore, tinder Federal Rules of Civil Procedure Rule 11, a federal court can assess monetary sanctions and impose nonmonetary directives upon a showing that a pleading is filed to cause delay or is not supported by the law. See Didie v. Howes, 988 F.2d 1097 (11th Cir.1993); Cobb County v. Butler, 682 F.Supp. 50 (N.D.Ga.1988). Finally, upon remand, the state court can assess sanctions for fraud on the court. While a variety of sanctions are available to the state court upon remand following an improper removal, “[t]he striking of a party’s pleadings ‘has long been an available and often favored remedy for a party’s misconduct in the litigation process.’” Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So.3d 1034, 1038 (Fla. 3d DCA 2012), citing Bertrand v. Belhomme, 892 So.2d 1150, 1152 (Fla. 3d DCA 2005). Accord *1285 ingly, defendants should avoid removal unless they do so in a timely manner and in good faith.