DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERNEST P. RICCI**,
Appellant,

v.

**VENTURES TRUST 2013-I-H-R BY MCM CAPITAL
PARTNERS, LLC,** its trustee, et al.,
Appellee.

No. 4D18-1111

[June 12, 2019]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Judge; L.T. Case No. CACE 13-007175.

Ernest P. Ricci, North Kingston, Rhode Island, pro se.

Richard S. McIver and H. Michael Muñiz of Kass Shuler, P.A., Tampa, for appellee.

CONNER, J.

Ernest P. Ricci, *pro se,* appeals the trial court's nonfinal order overruling his objection to sale, denying his motion to set aside certificate of sale, and directing the clerk of the court to issue a certificate of title to Ventures Trust ("Ventures") in an underlying mortgage foreclosure action. Ricci argues that the trial court erred in entering the order because prior to its entry, Ricci filed a notice of removal to federal court and filed a copy with the state court clerk. He argues that the trial court did not have jurisdiction until the federal court remanded the case and that the trial court's order was therefore void because it was entered prior to the remand.

Because the case was effectively removed to federal court a few hours before the order under review was entered, we reverse the order under review. However, as we explain, our reversal is without prejudice for the trial court, *sua sponte* or upon motion, to immediately re-enter the order after vacating it, with notice to the parties.

## Background

Ventures filed its foreclosure complaint, and eventually moved for summary judgment, which was granted. Ricci appealed and this Court affirmed *per curiam*. *Ricci v. Ventures Tr. 2013–I–H–R By MCM Capital Partners, LLC*, 253 So. 3d 607 (Fla. 4th DCA 2018). Thereafter, Ricci filed his first notice of removal to the federal district court, which delayed the foreclosure sale until the federal district court remanded the case in October 2017. Ventures maintains that during this time, Ricci filed numerous bankruptcy petitions, which Ventures argues were used to further delay the foreclosure sale.

In March 2018, Ricci filed his motion to set aside the sale, and the trial court held a hearing. In support of the motion, Ricci argued that he was not given proper notice of the judicial sale. On April 4, 2018, the trial court entered an order overruling the objection to the sale, finding that at the time the notice of sale was served, Ricci was represented by counsel, and that counsel for Ventures had properly served Ricci's counsel with the notice. The trial court concluded that an evidentiary hearing was not required because Ricci was not entitled to personal notice by Ventures. At 7:25 a.m. the same day, and prior to the order overruling the objection to sale was filed, Ricci filed his second notice of removal to federal court and filed a copy with the state court clerk.

Five days later, Ricci filed his notice of appeal with this Court. One week later, the federal district court rendered its second order remanding the case, concluding that it did not have subject matter jurisdiction.

## Appellate Analysis

On appeal, Ricci asserts that the trial court lost jurisdiction once he filed his notice of removal and filed a copy with the state court clerk, which was prior to the entry of the order denying his objection to the foreclosure sale. He contends that the nonfinal order at issue is therefore void.

In response, Ventures maintains that Ricci invited any error, and that he failed to preserve the jurisdictional argument by not first raising it in the trial court. Ventures further contends that Ricci's objection to the sale failed as a matter of law, and therefore, even if the trial court was temporarily divested of jurisdiction, the order constituted harmless error.

Ventures' preservation argument lacks merit because "[a]n order void for want of jurisdiction in the lower tribunal may be challenged on appeal,

even where the jurisdictional defect was not raised below." *Musa v. Wells Fargo Del. Tr. Co.,* 181 So. 3d 1275, 1275 (Fla. 1st DCA 2015). Generally, "a challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested in a particular case." *In re Adoption of D.P.P.,* 158 So. 3d 633, 636-37 (Fla. 5th DCA 2014) (citing *Cunningham v. Standard Guar. Ins. Co.,* 630 So. 2d 179, 181 (Fla. 1994); *Fla. Power & Light Co. v. Canal Auth.,* 423 So. 2d 421, 425 (Fla. 5th DCA 1982)). Judgments entered without subject matter jurisdiction are void. *Id.* at 637. To the extent that Ricci appears to argue the trial court lacked subject matter jurisdiction, the matter may be raised for the first time on appeal.

Removal procedures are governed by the federal statutes. The relevant statute provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

*City of Delray Beach v. Dharma Props., Inc.,* 809 So. 2d 35, 36 (Fla. 4th DCA 2002) (quoting 28 U.S.C. § 1446(d)). Further:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

*Id.* (quoting 28 U.S.C. § 1447(c)).

There are "competing views" and "conflicting cases, even within our own state" regarding the effect of the federal removal statutes on state court jurisdiction. *Hunnewell v. Palm Beach Cty.,* 786 So. 2d 4, 6 (Fla. 4th DCA 2000). More specifically, there is a split of authority in federal, out-of-state, and Florida decisions as to whether an order entered by a state trial court during the removal period is "void" or "voidable." The majority position, nationally and within Florida, is that "after removal, the jurisdiction of the state court absolutely ceases and the state court has a

3

duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*." *Musa*, 181 So. 3d at 1277 (quoting *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988)); *see also Garcia v. Deutsche Bank Nat'l Tr. Co.*, 259 So. 3d 201, 202 (Fla. 3d DCA 2018); *Cole v. Wells Fargo Bank Nat'l Ass'n*, 201 So. 3d 749, 750 (Fla. 5th DCA 2016); *Gunning v. Brophy*, 746 So. 2d 468, 468 (Fla. 2d DCA 1997).

This Court has also held that the removal statutes make clear that "state court jurisdiction ceases when a copy of the notice of removal is filed in the state court. . . . Thereafter, the state court is allowed to resume jurisdiction on the removed case if, and only if, the federal court grants permission by entering an order of remand." *Dharma Props.*, 809 So. 2d at 36 (quoting *Preston v. Allstate Ins. Co.*, 627 So. 2d 1322, 1324 (Fla. 3d DCA 1993)). However, in *Heilman v. Florida Department of Revenue*, 727 So. 2d 958 (Fla. 4th DCA 1998), we opined that "not all state actions are void before a federal court remand," and we followed the lead of North Dakota in adopting a "limited exception to the general 'void' rule." *Id.* at 960. We said: "The exception provides that in cases involving multiple filings of removal petitions, a state court retains jurisdiction to act when the federal court subsequently denies a removal petition which is based on the same grounds as a previously denied removal petition." *Id.* As the First District cogently noted in *Musa*, it appears we adopted the "narrow exception" as a way to address the abuse of frivolous removals. *Musa*, 181 So. 3d at 1282-83.

However, there are two problems concerning the caselaw, both nationally and within Florida, analyzing the effect of the federal removal statutes on state court jurisdiction. One problem is that much of the caselaw speaks in terms of the effect of removal on "subject matter jurisdiction," when more properly, the topic is "case jurisdiction." "Subject matter jurisdiction" refers to "the [trial] court lack[ing] authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested in a particular case." *In re Adoption of D.P.P.*, 158 So. 3d at 636-37. "Case jurisdiction" refers to "the power of the court over a particular case that is within its subject matter jurisdiction." *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018) (quoting *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000)).

The distinction in the type of jurisdiction affected by removal is important because, significantly, section 1446(d) does not use the word "jurisdiction" in describing the "effect" of removal. The statute provides:

4

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further **unless and until** the case is remanded.*

28 U.S.C. § 1446(d) (emphasis added). Instead of directly stating the state court has no power to act, the statute simply gives a command that the state court take no further action. If Congress truly intended that any action taken by the state court during the removal period is void, it would have used words to that effect. Instead, as a matter of comity, it appears that Congress simply intended the removal statute to provide a directive not to take further action (in other words, affecting the state court's *authority* to act in a particular case, which is case jurisdiction, not subject matter jurisdiction). Additionally, a lack of subject matter jurisdiction makes an order void, whereas a lack of case jurisdiction generally renders an order voidable. *14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd.*, 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J., concurring).

The second problem is that some cases describe the "effect" of removal as causing jurisdiction to "cease" or "terminate," while other cases speak of jurisdiction as "suspended." *See Musa*, 181 So. 3d at 1277 (stating "after removal, the jurisdiction of the state court absolutely ceases" (quoting *Maseda*, 861 F.2d at 1254-55)); *Maseda*, 861 F.2d at 1256 ("This case was removed to federal court which terminated the jurisdiction of the state court."); *cf. Akla Indus., Inc. v. Columbia St. Partners, Inc.*, 95 N.E.3d 194, 199 (Ind. Ct. App. 2018) ("An order remanding an action to the Federal court . . . merely suspends or holds [state] jurisdiction in abeyance[.]" (first and second alterations in original) (quoting *Peoples Tr. & Sav. Bank v. Humphrey*, 451 N.E.2d 1104, 1108 (Ind. Ct. App. 1983))); *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004) (discussing that removal to federal court suspends any subsequent state court proceedings).

The problem with cases speaking in terms of jurisdiction "ceasing" or "terminating" is that the analysis seems to indicate that jurisdiction solely resides in one court at a time, suggesting that jurisdiction gets *diverted* from one court to another. However, cases using "cease" and "terminate" language never explain how the removal statute language supports the notion that once jurisdiction "ceases" or "terminates," jurisdiction gets *reactivated*. On the other hand, the "unless and until" language of section 1446(d) seems more conducive to the notion that state court jurisdiction is "suspended" by a removal to federal court.

5

Ventures' answer brief contends that there is a seeming intra-district conflict in our caselaw between *Heilman* and *Hunnewell* on the one hand (adopting the limited exception to the majority rule that state action after removal and before remand is void), and *Remova Pool Fence Co. v. Roth*, 647 So. 2d 1022 (Fla. 4th DCA 1994), and *Weatherly v. North American Van Lines*, 440 So. 2d 518 (Fla. 4th DCA 1983), on the other hand (embracing the majority position that there are no exceptions to the rule). Interestingly, Ventures does not cite *Dharma Properties* in its answer brief, which opined that once removal occurs, the state court's jurisdiction "ceases," and "resume[s]" "if, and only if, the federal court grants permission by entering an order on remand." *Dharma Props.*, 809 So. 2d at 36 (quoting *Preston*, 627 So. 2d at 1324). We note that *Dharma Properties* did not cite or discuss *Heilman* or *Hunnewell*.

Based on our analysis in *Dharma Properties*, we do not need to resolve intra-district conflict with our caselaw or certify conflict with any sister district courts. In *Dharma Properties*, we made clear that once an order of remand is entered by the federal court, state court jurisdiction *resumes*. We construe the principle of resumption of jurisdiction to be automatic, once the remand order is entered by the federal court. We view the situation concerning the effect of removal on state court case jurisdiction to be comparable to hitting the "pause" button on a recording device. The creation of the case record in state court is stopped until the "resume" button is pushed (the entry of the remand order). In our view, it does not matter whether state case jurisdiction is described as having "ceased," "terminated," or having been "suspended" while removal was in effect. Once the remand order is entered, the state court can resume its jurisdiction over the case as if the removal notice had never been filed.

Thus, the proper course of action regarding an order entered after notice of removal has been filed in the state court proceeding and before entry of a remand order is that: (1) the trial court and the parties take no action on the improperly issued state court order until a remand order is entered; (2) the trial court promptly vacate the order *sua sponte* or on motion of a party after the remand order is entered; and (3) the trial court immediately re-enter the vacated order with notice to the parties after the remand order is entered. Such course of action assures that the parties will be in the same position as they would have been if removal had never occurred.

Thus, we reverse the April 4, 2018 order entered by the trial court because the trial court did not have case jurisdiction to issue the order, and remand for further proceedings consistent with this opinion.

6

*Reversed and remanded.*

WARNER and MAY, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**