# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1646
Lower Tribunal No. 23-4298-CA-01
_____

**Amos Camille,**
Appellant,

vs.

**Miami-Dade County, MDCR,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County.

Amos Camille, in proper person.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and William X. Candela, Assistant County Attorney, for appellee.

Before FERNANDEZ, GORDO and GOODEN, JJ.

GORDO, J.

Amos Camille ("Camille") appeals an order dismissing his federal action against the Miami-Dade County Department of Corrections. The underlying action was removed to the United States District Court for the Southern District of Florida and later dismissed without prejudice. Camille appealed the dismissal to the United States Court of Appeals for the Eleventh Circuit, which remains pending.

It is well-settled that upon the filing of "notice of removal of a civil action" with the state court, "the [s]tate court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Because there is no order of remand from the federal court in this case, we dismiss the appeal for lack of jurisdiction. See Preston v. Allstate Ins. Co., 627 So. 2d 1322, 1324 (Fla. 3d DCA 1993) ("In the present case the federal court dismissed the removed action without prejudice . . . From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state court jurisdiction ceases when a copy of the notice of removal is filed in the state court. Thereafter, the state court is allowed to resume jurisdiction of the removed case if, and only if, the federal court grants permission by entering an order of remand. The statute is explicit on this point. There [is] no order of remand in this case.

Consequently the [state] court [can]not resume jurisdiction of the removed action."); <u>Weiser v. Bierbrouwerij, B.V.</u>, 430 So. 2d 986, 987 (Fla. 3d DCA 1983) ("Once a matter is removed to the federal court, a state trial court and its judge have no jurisdiction over the matter . . . ."); <u>Gen. Elec. Credit Corp. v. Smith</u>, 484 So. 2d 75, 76 (Fla. 2d DCA 1986) ("[R]emoval to federal court divests the state court of jurisdiction to proceed. The state court's jurisdiction is suspended from the moment of removal until the case is remanded to it by the federal court.").

Dismissed.